# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ANGELICA OCASIO,

                                                    Plaintiff,

    v.                                                                           3:14-CV-1096 (GLS/ATB)

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.

---

PETER A. GORTON, ESQ., for Plaintiff
AMANDA LOCKSHIN, Special Asst. U.S. Attorney for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiff brings this action to challenge a final decision of the Commissioner of Social Security, denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Insurance Income ("SSI"). These Social Security appeals are handled according to General Order 18 of the Northern District of New York which sets forth the procedures to be followed on an appeal from the denial of Social Security benefits. Presently before the court is the defendant's motion to dismiss the action based on the statute of limitations.[1] The motion was referred to me by Chief Judge

---

[1] Although defendant does not specify a basis under the federal rules for this motion, courts have held that the statute of limitations defense may be asserted in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Borrero v. Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (citation omitted). When considering motions to dismiss, the court "construes the complaint liberally, 'accepting all factual allegations in the complaint . . . and drawing all reasonable inferences in the plaintiff's favor.'" *Bender v. Astrue*, No. 09 Cv. 5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The Court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the complaint. *See Bender*, No. 09-CV-5738, 2010 WL 3394264, at *3, n. 1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998)). Because the motion is

Sharpe for Report and Recommendation by order dated November 25, 2014. (Dkt. Nos. 9, 10). Plaintiff has responded in opposition to the motion. (Dkt. No. 11). The court held a telephone conference on March 19, 2015. Defendant filed a status report on April 9, 2015. (Dkt. No. 14). For the following reasons, this court finds that no evidentiary hearing is necessary and will recommend denying the defendant's motion.

I. **Timeliness of Filing**

    A. **Legal Standards**

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within 60 days of the mailing of the Notice of Decision. 42 U.S.C. § 405(g). The regulations provide that the sixty-day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date of the notifying letter. 20 C.F.R. § 422.210(c). *See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint. *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (citing *Plaintiff v. Commissioner of Soc. Sec.*, 519 F. Supp. 2d 448, 448

---

treated under Rule 12(b)(6), the court must also accept all factual allegations as true and draw inferences from those allegations in the light most favorable to the plaintiff. *Twumwaa v. Colvin*, No. 13 Civ. 5858, 2014 WL 1928381, at *2 (S.D.N.Y. May 14, 2014) (citing *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).

2

(S.D.N.Y. 2007); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)).

Notwithstanding the strict application of the statute of limitations, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that 'he has been pursuing his rights diligently; and that 'some extraordinary circumstance stood in his way.'" *Reape v. Colvin*, No. 1:12-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation omitted)). It is the plaintiff's burden to show that equitable tolling is justified. *Id.* (citing *Liranzo v.. Astrue*, No. 07–CV–5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 F. App'x 390 (2d. Cir. 2011)). The application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

### B. Application

The facts regarding plaintiff's applications for DIB and SSI are not disputed. Plaintiff's applications were denied on January 30, 2013, by an Administrative Law Judge ("ALJ"), after an administrative hearing. (Declaration of Roxie Rasey Nicoll, Court Case Preparation and Review – Social Security Admin.) Plaintiff requested review of the ALJ's determination, and on June 30, 2014, the Appeals Council denied

plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (Nicoll Decl. ¶ 3(a)). A copy of the Appeals Council notice was sent to counsel. The notice informed plaintiff of her right to commence a civil action within sixty days of receipt of that notice. (*Id.* & Ex. 2). With five days added for mailing,[2] the sixty days would have expired on Wednesday, September 3, 2014. Plaintiff's complaint was filed on Friday, September 5, 2014. (Dkt. No. 1). There appears to be no question that based on this information, the statute of limitations has run.

In his response to the motion to dismiss, plaintiff's counsel argues that "we believe that we properly filed [the complaint] on July 25, 2014," well before the running of the statute of limitations. (Dkt. No. 11). In support of this assertion, counsel has filed the affidavit of counsel's paralegal, Tricia Iacovazzi. (Dkt. No. 11-1). Ms. Iacovazzi avers that on July 25, 2014, she filed "multiple case [sic]" in the Northern District of New York, one of them being this plaintiff's complaint. (Iacovazzi Aff. ¶ 4). Although she received a "receipt" as a result of the electronic filing, the receipt does not indicate the name or the case number of the action. (*Id.* ¶ 5). It is Ms. Iacovazzi's practice to place these receipts in the client's file. She has attached a copy of this receipt to her affidavit as Exhibit A.

On September 5, 2014, two days after plaintiff's statute of limitations had run, Ms. Iacovazzi was reviewing several Social Security appeals and noticed that the firm had not received the appropriate documents from the court, including the summonses

---

[2] The Appeals Council notice specifically informs the claimant that receipt of the notice is presumed to be five days after the date on the notice. (Dkt. No. 1 at CM/ECF p.7).

4

and the approval for plaintiff to proceed in forma pauperis ("IFP"). (*Id.* ¶ 6). Ms. Iacovazzi then telephoned the Northern District Clerk's Office and was told that there was no complaint filed for plaintiff. She was told that she should submit the receipt she initially received, so that the receipt could be given to the "IT" department to determine what could have happened. (*Id.* ¶ 7). Ms. Iacovazzi was also told to re-file the action, which was done on September 5, 2014 (the same day that she discovered the complaint had not been filed). (*Id.* ¶ 8). Ms. Iacovazzi has also attached the "receipt" that she received on September 5, 2014, which is identical to the July 25, 2014 receipt, except for the filing date. The September 5, 2014 receipt also has no case name or number on it. (*Id.* ¶ 9 & Ex. B).

Ms. Iacovazzi states that she subsequently telephoned the court to see if the IT department might have determined whether there was an "error" in the filing system on that particular day, but she never received a response. (*Id.* ¶ 10). Ms. Iacovazzi states that she believes she properly filed Ms. Ocasio's case on July 25, 2014.

On April 9, 2015, defense counsel filed a letter, stating that their review of the court's docket shows that plaintiff's counsel filed another Social Security case on July 25, 2014,[3] and that the receipt submitted as an exhibit in this action might simply be the receipt for the case that was actually filed on July 25, 2014 by Lachman & Gorton. (Dkt. No. 14 at 1). The defendant argues that if plaintiff's counsel filed two cases on July 25, 2014, then there should be two different filing receipts. Defense counsel

---

[3] The court notes that Ms. Iacovazzi stated that she filed more than one action on July 25, 2014. (Iacovazzi Aff. ¶ 4).

5

argues that Ms. Iacovazzi's exhibits do not prove that two separate cases were filed and that one of them was Ms. Ocasio's case. The court's independent review of the docket shows that plaintiff's counsel filed only one case on July 25, 2014, and it was not Ms. Ocasio's action. Plaintiff's counsel filed another Social Security action on July 15, 2014 and one on August 1, 2014.

Based on the facts above, this court must find that, for whatever reason, plaintiff's complaint was filed two days late. It does not appear that there was any error in the court's filing system, and plaintiff's counsel filed only one case on the day in question, not "multiple" cases. While Ms. Iacovazzi may have believed that she filed Ms. Ocasio's case, it did not get filed on the day that Ms. Iacovazzi alleges.[4] Thus, unless equitable tolling applies, the case must be dismissed. The court will now turn to a consideration of equitable tolling.

In *Torres*, the court held that it was an abuse of discretion to *grant* a motion to dismiss without having an evidentiary hearing to determine whether the plaintiff's own sworn statements of fact met the legal standards for equitable tolling. 417 F.3d at 279. Here, the court finds that no evidentiary hearing is necessary because this case is one of those rare, extraordinary circumstances in which equitable tolling should be applied and will recommend denying the motion to dismiss. Plaintiff in this case exercised due diligence in hiring an attorney who should have filed a timely appeal. Plaintiff had no way of knowing that this would not be done, so she would never have questioned the status of her case. In *Torres*, the court held that "it was unreasonable for the district

---

[4] No evidentiary hearing is going to change the fact that the case was not filed.

6

court to conclude without benefit of an evidentiary hearing, that Torres failed to exercise due diligence simply because he failed to ask the lawyer to confirm that the complaint had been filed.[5] *Id.* In this case, Ms. Iacovazzi asserts in her affidavit that she believed she did file the complaint in plenty of time. Thus, depending on when Ms. Ocasio asked for the status of her case, she could have been told that it was filed. She would have had no reason to believe that she should or could do anything further.

In *McCracken v. Astrue*, No. 8:12-CV-193, 2013 WL 371672 (N.D.N.Y. Jan. 29, 2013), Judge Mae D'Agostino adopted a Report-Recommendation by the Honorable Magistrate Judge Christian F. Hummel in which he applied equitable tolling in a Social Security appeal. In *McCracken*, plaintiff's counsel primarily handled Social Security cases, and had represented plaintiff through her administrative appeals. *Id.* at *2. During the pendency of her agency appeals, plaintiff moved from the Southern District of New York to the Northern District of New York. *Id.* Plaintiff's counsel assumed that the Local Rules in the Northern District were the same as those in the Southern District and attempted to file the plaintiff's complaint traditionally rather than electronically. In

---

[5] The facts in *Torres* were different than in this case, and there were disputed issues to resolve. Mr. Torres initially proceeded pro se in the agency and had completed forms for filing a pro se complaint in federal court. He contacted an attorney who had given him his card when Mr. Torres became worried that he needed counsel to file his complaint. The attorney told Mr. Torres to send him the paperwork that he had completed for his pro se filing and also told Mr. Torres to file a new application for Social Security. Mr. Torres assumed that the attorney was filing his federal complaint. When Mr. Torres happened to call the attorney to inform him that the new application had been denied, he discovered that his federal complaint was never filed. The attorney's excuse was that he believed he was only representing Mr. Torres on the "new" filing. Mr. Torres immediately contacted the pro se office in federal court and attempted to file his complaint, albeit past the statute of limitations. While these facts are different, the court assumes that Ms. Ocasio also believed that her lawyer was representing her and would not have needed to do anything further.

addition the complaint was improperly addressed. The complaint was returned to the law firm by the court, but counsel did not electronically file the action for approximately one month thereafter because counsel failed to pay his biennial dues. *Id.* By the time counsel was able to file the complaint, the statute of limitations had run. Counsel admitted that the delay was attributable to a combination of errors by his law office and asked that the plaintiff not be penalized for the law firm's "lapses." *Id.*

The court reviewed counsel's actions and found that, even though the actions were "inadvertent," they represented "the type of incompetence capable of being categorized as being extraordinary." *Id.* at *4. However, the court also found that counsel showed "reasonable diligence" in pursuing the complaint. *Id.* In addition, the court found that there was no reason for the plaintiff to presume that her actions in moving from the Southern to the Northen District of New York would result in her having to "continually" follow up with counsel, given her attorney's stated expertise in Social Security matters. The court also stated that counsel made numerous attempts to file the complaint. *Id.*

While the situation in this case is less egregious that those found in either *Torres* or *McCracken*, this court finds that because of mistaken belief that the complaint had been properly and timely filed, neither plaintiff, nor counsel would necessarily have discovered the problem. Ms. Iacovazzi discovered the issue in her review of pending cases and immediately contacted the Clerk's Office to determine whether there had been an error. The complaint was filed on the same day. Thus, this court finds that equitable tolling is appropriate in this action and will recommend denial of the

8

defendant's motion to dismiss.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 9) be **DENIED**, and it is

**RECOMMENDED**, that if this recommendation is adopted, and the defendant's motion is denied, the defendant be given **THIRTY (30) DAYS** from service of the denial within which to file a certified copy of the administrative proceedings, and the case continue proceeding in accordance with General Order 18.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 4, 2015

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge